IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BROWN,<br><br>        Plaintiff,<br><br>     v.<br><br>COOPER, *et al.*,<br><br>        Defendants. | CIVIL ACTION NO. 22-2953 |

MEMORANDUM OPINION

Rufe, J.                                                                                                                                                                                                                   July 10, 2023

      Plaintiff Raymond Brown, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Lakeisha Cooper, Thomas Tarrant, and David Kennedy violated his constitutional rights by imposing conditions upon him while he was on parole. Defendants have moved to dismiss Plaintiff's Amended Complaint.[1] For the reasons stated below, Defendants' motion will be granted.

I.     BACKGROUND

    A.  Factual Allegations[2]

      Plaintiff alleges that Defendant Cooper is the "Director of Parole," Defendant Tarrant is a parole supervisor, and Defendant Kennedy is a parole agent.[3] Plaintiff avers that on July 20, 2022, Defendant Kennedy directed that Plaintiff "surrender his person" to the parole office, and subsequently informed Plaintiff that a Protection from Abuse ("PFA") order had been filed

---

[1] Defs.' Mot. Dismiss [Doc. No. 22]. Plaintiff did not file an opposition to the motion, but the Court will consider the motion on the merits and does not grant it as unopposed.

[2] Plaintiff pleads the following facts in the Amended Complaint, and the Court assumes they are true for purposes of evaluating the motion to dismiss.

[3] Am. Compl. [Doc. No. 20] ¶¶ 2-4.

against him.[4] Plaintiff alleges that he and Defendant Kennedy "had words" about the validity of the PFA order, and that Plaintiff told Defendant Kennedy that all named Defendants were "incompetent[]" and unable to "properly investigate the PFA."[5] Plaintiff claims that he demanded Defendants "conduct an investigation," but "it was refused."[6] He alleges that at some point, all Defendants "indicated Plaintiff violated his parole conditions due to the PFA being filed upon Plaintiff."[7]

Plaintiff avers that he never violated his parole conditions, and that Defendants levied sanctions against him solely in retaliation for his comments regarding Defendants' alleged "incompetence" and "[in]ability to properly investigate the PFA."[8] Plaintiff contends that the sanctions included (1) GPS monitoring; (2) restricted access to people, places, and freedom; (3) a curfew; and (4) "lost wages."[9] Plaintiff alleges that Defendants told him, "if the PFA is dismiss[ed] then the sanction[s] will be removed."[10]

Plaintiff filed an "exhibit" that appears to be an order dated July 25, 2022 from the Philadelphia Court of Common Pleas, Family Division, vacating the PFA order against Plaintiff for failure to prosecute.[11] Plaintiff alleges that after the PFA order was vacated, Defendants

---

[4] Am. Compl. [Doc. No. 20] ¶¶ 6-7.

[5] Am. Compl. [Doc. No. 20] ¶¶ 8, 13.

[6] Am. Compl. [Doc. No. 20] ¶ 10.

[7] Am. Compl. [Doc. No. 20] ¶ 11.

[8] Am. Compl. [Doc. No. 20] ¶¶ 12-13.

[9] Am. Compl. [Doc. No. 20] ¶ 14.

[10] Am. Compl. [Doc. No. 20] ¶ 15.

[11] Ex. [Doc. No. 8] at ECF page 1. Plaintiff filed this exhibit before filing the Amended Complaint, and did not attach it as an exhibit to the Amended Complaint. However, given Plaintiff's *pro se* status, the Court will consider the document in ruling on the Motion to Dismiss.

Cooper and Tarrant threated to arrest Plaintiff or "extend[] current sanctions," due to Plaintiff's statements.[12] Plaintiff avers that all Defendants have continued to retaliate against him with sanctions, and that they "had knowledge that Plaintiff was at risk of los[s] of employment and seriously being injured due to the GPS device."[13]

### B. Procedural History

On July 29, 2022, Plaintiff filed his original Complaint, as well as a motion for an emergency preliminary injunction ordering Defendants to "stop future retaliation and emotional stress infliction" after the PFA order was vacated.[14] The Court denied Plaintiff's motion without prejudice, reasoning that "the proper remedy for an allegation that the Defendants disobeyed a state court order is for Plaintiff to seek enforcement of that state court order from the state court which issued the order."[15] Plaintiff then filed an emergency motion for reconsideration, which the Court denied because Plaintiff "ha[d] not shown that after the PFA order was vacated, Defendants were required to lift the sanctions and/or were prohibited from imposing additional sanctions."[16] Plaintiff later filed his Amended Complaint, and the Motion to Dismiss followed.[17]

---

[12] Am. Compl. [Doc. No. 20] ¶ 16. Along with the state-court order, Plaintiff's "exhibit" also included a document entitled "Special Conditions of Parole," which required Plaintiff to enroll in a batterer's intervention program. Ex. [Doc. No. 8] at ECF page 2. This document is dated July 26, 2022.

[13] Am. Compl. [Doc. No. 20] ¶ 18, 19.

[14] Mot. Emergency Prelim. Inj. [Doc. No. 3] at ECF page 1; *see* Order Aug. 1, 2022 [Doc. No. 7].

[15] Order Aug. 1, 2022 [Doc. No. 7] at 2-3 (quoting *Brothers v. Corbett*, No. 13-1154, 2014 WL 2561610, at *5 (W.D. Pa. Jun. 6, 2014)).

[16] Order Oct. 13, 2022 [Doc. No. 13] at 3.

[17] Am. Compl. [Doc. No. 20]; Defs.' Mot. Dismiss [Doc. No. 22].

## II. LEGAL STANDARD

For a claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), each claim of a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.[18] The question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold."[19] The court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to the relief."[20] However, the court "need not credit a complaint's 'bald assertions' or 'legal conclusions.'"[21] As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.[22]

## III. DISCUSSION

Plaintiff's Amended Complaint alleges violations of the First, Eighth, and Fourteenth Amendments, seeking to hold Defendants liable in their official and individual capacities.[23] Plaintiff requests (1) a declaration that Defendants violated his rights; (2) compensatory damages

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[19] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (same).

[20] *Philips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3rd Cir. 2002)).

[21] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3rd Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

[22] *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[23] Am. Compl. [Doc. No. 20] ¶ 20.

4

in the amount of $3,000,000; (3) punitive damages in the amount of $10,000; and (4) injunctive relief terminating his parole, granting a pardon, or commuting his sentence.[24]

### A. Claims Against Defendants in their Official Capacities

Defendants first argue that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment.[25] The Third Circuit has repeatedly held that "Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity."[26] As Defendants have not waived their sovereign immunity, and because Congress has not explicitly abrogated immunity through authorizing legislation, the Eleventh Amendment bars Plaintiff's official capacity claims for damages against Defendants.[27] The Court will dismiss these claims with prejudice.

### B. Claims Against Defendants in their Individual Capacities

Defendants next argue that Plaintiff's individual capacity claims are barred under the doctrine of *Heck v. Humphrey*.[28] In *Heck*, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if it calls into question the lawfulness of his conviction or confinement, unless he can demonstrate that the conviction or sentence has already

---

[24] Am. Compl. [Doc. No. 20] ¶¶ 24-27. Plaintiff also asks for attorneys' fees, despite the fact that he is proceeding *pro se*.

[25] Defs.' Mem. Supp. Mot. Dismiss [Doc. No. 22] at 4-5.

[26] *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005)).

[27] Although "[s]tate officials in their official capacities do not have Eleventh Amendment immunity when sued for prospective injunctive relief," Plaintiff's claims for injunctive relief will be dismissed on other grounds, as discussed below. *Wilson v. Somerset Cnty. Prosecutors Off.*, No. 15-6034, 2016 WL 1090811, at *7 (D.N.J. Mar. 21, 2016) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

[28] 512 U.S. 477.

been invalidated.[29] Thus, "when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action."[30] Plaintiff's claims for injunctive relief—seeking termination of his parole, pardon, or commutation—are barred by *Heck*.[31] However, his individual claims for damages present a closer question.

Defendants concede that federal courts are divided as to whether a state parolee may challenge a condition of parole via a § 1983 action.[32] The Third Circuit has declined to decide the issue.[33] Defendants rely on cases from the Seventh and Eighth Circuits that determined that conditions of parole or probation "define the perimeters of confinement."[34] However, there is a circuit split on this issue[35] and district courts within this Circuit have determined that *Heck* is inapplicable under the present circumstances—*i.e.*, where challenges, if successful, would

---

[29] *Id.* at 486-87; *see Johnson v. Mondrosch*, 586 F. App'x 871, 873 (3d Cir. 2014) (citing *Heck*, 512 U.S. at 486-87).

[30] *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (holding that *Heck* barred a § 1983 claim challenging the Parole Board's decision to revoke parole) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

[31] *See Butler v. Pennsylvania Bd. of Prob. & Parole*, 613 F. App'x 119, 123 (3d Cir. 2015) ("[T]he District Court first correctly concluded that, to the extent that Butler sought an injunction invalidating or altering the sentence imposed by the Board, he could not do so via a § 1983 civil suit."); *Williams*, 453 F.3d at 177.

[32] Defs.' Mot. Dismiss [Doc. No. 22] at 7 (collecting cases); *see Johnson*, 586 F. App'x at 874 (declining to decide whether a parolee's claim should be raised in habeas or in a civil rights action); *Doe v. Pennsylvania Bd. of Prob. & Parole*, 513 F.3d 95, 100 (3d Cir. 2008) ("[F]or parolees and probationers, the question of whether a claim should be made under Section 1983 or under federal habeas has been described as a more 'metaphysical' one, because the "conditions" of parole are the confinement.") (quoting *Williams v. Wisconsin*, 335 F.3d 576, 579 (7th Cir. 2003)).

[33] *Johnson*, 586 F. App'x at 874 ("We need not decide whether Johnson's challenge sounds more in habeas, however, as we conclude that his claims would fail whether brought under § 1983 or in a collateral attack.").

[34] Defs.' Mot. Dismiss [Doc. No. 22] at 6 (citing *Williams,* 336 F.3d at 580 (concluding that the probationer's challenges should have been presented in a collateral attack because they "define the perimeters of her confinement"); *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977); *Savickas v. Walker*, 180 F. App'x 592, 593 (7th Cir. 2006); *Bass v. Mitchell*, 53 F.3d 335 (8th Cir. 1995) (unpublished).

[35] *See Thornton v. Brown*, 757 F.3d 834, 845-46 (9th Cir. 2014) (holding that "a state parolee may challenge a condition of parole under § 1983 if his or her claim, if successful, would neither result is speedier release from parole nor imply, either directly or indirectly, the invalidity of the criminal judgments underlying that parole term").

relieve the plaintiff from compliance with conditions rather than "result in an earlier release from custody."[36] This Court agrees that because Plaintiff's challenges "would not invalidate Plaintiff's parole, but rather would invalidate a *condition* of his parole," *Heck* does not bar his claims.[37]

### 1. *First Amendment Claim*[38]

Plaintiff alleges that Defendants retaliated against him in violation of the First Amendment.[39] To succeed on a First Amendment retaliation claim, the plaintiff must show that (1) he engaged in constitutionally protected conduct; (2) the defendant subjected him to retaliatory action sufficient to deter a person of ordinary firmness from exercising his rights, and (3) there was a causal connection between the protected activity and the retaliatory action.[40]

As a threshold matter, Plaintiff fails to "aver facts to show [each] defendant['s] personal involvement in the alleged misconduct."[41] Although Plaintiff identifies the specific sanctions imposed, he does not allege with particularity how, when, and why each individual Defendant engaged in the purported retaliatory conduct. Instead, he repeatedly asserts that Defendants collectively "sanction[ed]" him and "retaliated" against him due to his "statements."[42] Equally

---

[36] *See, e.g., Scheer v. Fish*, No. 21-949, 2022 WL 4094414, at *4 (W.D. Pa. Sept. 7, 2022); *Collura v. Ford*, No. 13-4066, 2016 WL 409228, at *26 (E.D. Pa. Feb. 3, 2016) (striking *Heck* defense because the plaintiff was challenging "the Probation Officer Defendants' alleged conduct in supervising a portion of his probation, and not his confinement or its duration).

[37] *See Scheer*, 2022 WL 4094414, at *4 (emphasis added).

[38] Although Defendants do not move for dismissal on grounds beyond the Eleventh Amendment and *Heck* arguments, the Court must *sua sponte* dismiss any claim that (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i)–(iii).

[39] Am. Compl. [Doc. No. 20] ¶ 21.

[40] *See Thrower v. N.J. State Parole Bd.*, 438 F. App'x 71, 73 (3d Cir. 2011); *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001).

[41] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)).

[42] *See* Am. Compl. [Doc. No. 20] ¶¶ 13-14, 17-18.

unclear are the circumstances surrounding his purported "statements." Plaintiff initially claims that he made "statements and commons [sic]" to Defendant *Kennedy* about all three Defendants' "incompetence," but later asserts that he made "commons [sic] and statements" to Defendant *Tarrant* only "about Defendants Cooper and Kennedy."[43]

Put simply, Plaintiff's Amended Complaint lacks the requisite specificity to adequately allege a First Amendment claim. The Court will dismiss Plaintiff's retaliation claim without prejudice, only to the extent that Plaintiff can unambiguously allege personal involvement on the part of each Defendant, and sufficiently plead the elements of a *prima facie* retaliation claim. Plaintiff will be granted leave to file a Second Amended Complaint as to this claim.

2. *Fourteenth Amendment Claims*

Plaintiff next alleges that Defendants violated his Fourteenth Amendment Rights. The Fourteenth Amendment mandates that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law."[44] Due process protections extend to both substantive and procedural violations of the Fourteenth Amendment. "[T]he substantive component of the Clause . . . protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'"[45] The procedural component "provide[s] a guarantee of fair procedure in connection with any deprivation of life, liberty, or property by a State."[46]

---

[43] Am. Compl. [Doc. No. 20] ¶¶ 9, 16. While Plaintiff separately claims that Defendants Cooper and Tarrant "made threats to Plaintiff of arrest and addition or extended current sanctions," the Third Circuit has held that "verbal threats . . . are not sufficiently adverse to support a retaliation claim" in the prison context. *Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012).

[44] U.S. Const. amend. XIV, § 1.

[45] *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

[46] *Id.*

In this case, Plaintiff has not alleged that he availed himself of the procedures available to challenge his conditions of parole,[47] nor has he alleged that these procedures were in any way constitutionally inadequate. Rather, he merely asserts that Defendants refused to "investigate" the PFA order, which is insufficient to state a due process claim for purposes of § 1983.[48] Plaintiff therefore has failed to plausibly allege that Defendants violated his procedural due process rights.[49]

To state a substantive due process claim, Plaintiff must show that he was deprived of a protected property or liberty interest by arbitrary or capricious government action.[50] As a parolee, Plaintiff "does not enjoy 'the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions.'"[51] The Third Circuit has recognized that "[r]estrictions to a particular community, job or home, as well as restrictions on travel or movement are standard conditions of parole."[52]

The sanctions at issue here (GPS monitoring, restrictions on "people and places," and a curfew) are the kinds of "standard conditions of parole" that fall short of a cognizable due

---

[47] As the Court noted in ruling on Plaintiff's motion for reconsideration, "Plaintiff provided to the Court the document that imposes special conditions of parole . . . which describes the process whereby Plaintiff may challenge those conditions." Order Oct. 13, 2022 [Doc. No 14] at 3.

[48] *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015) (citations omitted) ("[A]llegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983.").

[49] *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006) (identifying the elements of a procedural due process claim).

[50] *County of Sacramento v. Lewis*, 523 U.S. 833, 840, (1998); *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000).

[51] *Johnson*, 586 F. App'x at 874 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

[52] *Johnson*, 586 F. App'x at 874 (citing *Morrissey*, 408 U.S. at 478; *Doe*, 513 F.3d at 114 (citing *Williams*, 336 F.3d at 581) ("Like prisoners, . . . parolees . . . have no right to control where they live in the United States; the right to travel is extinguished for the entire balance of their sentences.")).

process violation.[53] Accordingly, Plaintiff has not alleged that Defendants deprived him of a recognizable fundamental right. As the defects in Plaintiff's Fourteenth Amendment claims cannot be cured through further amendment, the Court will dismiss these claims with prejudice.

### 3. *Eighth Amendment Claim*

Finally, Plaintiff claims that Defendants violated the Eighth Amendment in imposing sanctions against him. "The Eighth Amendment prohibits any punishment which violates civilized standards of humanity and decency."[54] To establish a deprivation of the minimal civilized measure of life's necessities, a plaintiff must show he has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety."[55] Plaintiff's Eighth Amendment claim fails as a matter of law because, as discussed above, none of his allegations reveals a sufficiently serious deprivation. Plaintiff's Eighth Amendment claim, therefore, will also be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted. The Court will dismiss Plaintiff's First Amendment claim without prejudice, and his Eighth and Fourteenth Amendment claims will be dismissed with prejudice. An appropriate Order follows.

---

[53] *See Johnson*, 586 F. App'x at 874.

[54] *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (citation omitted).

[55] *Id.*