IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND BROWN,<br><br>            Plaintiff,<br><br>       v.<br><br>COOPER, *et al.*,<br><br>            Defendants. | CIVIL ACTION NO. 22-2953 |

### ORDER

**AND NOW**, this 10th day of July 2023, upon consideration of Plaintiff's *pro se* Amended Complaint [Doc. No. 20] and Defendants' Motion to Dismiss [Doc. No. 22], and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 22] is **GRANTED** as follows:

1. Plaintiff's Eighth and Fourteenth Amendment claims in his Amended Complaint [Doc. No. 20] are **DISMISSED with prejudice**.

2. Plaintiff's First Amendment retaliation claim in his Amended Complaint [Doc. No. 20] is **DISMISSED without prejudice**. Plaintiff may file a Second Amended Complaint as to his First Amendment retaliation claim no later than **July 31, 2023**. Any Second Amended Complaint must state the basis for Plaintiff's claims against each Defendant, specifically assert each Defendant's personal involvement in the alleged misconduct, and sufficiently plead the three elements of a *prima facie* retaliation claim. The Second Amended Complaint shall be a complete document that does not rely on the Amended Complaint or other papers filed in this case to state a claim. Should Plaintiff choose to draft a Second Amended Complaint, he must be mindful of the Court's reasons for dismissing the claims in his Amended Complaint as explained in the accompanying Memorandum Opinion.

3. If Plaintiff does not wish to file a Second Amended Complaint and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court within **30 days** of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[1]

4. If Plaintiff fails to file any response to this Order, the Court will conclude that Plaintiff intends to stand on his Amended Complaint and will issue a final order dismissing this case.[2]

It is so **ORDERED**.

**BY THE COURT:**

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[1] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding that "the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims.").

[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint). The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). An analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 n.2 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.") (citing cases)).